UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANILO ORESTES RAMIREZ FRIAS (A- 212-210-715),

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX,

Respondent.

No. 1:26-cv-6377 DAD CSK

ORDER AND FINDINGS AND RECOMMENDATIONS

Petitioner Danilo Orestes Ramirez Frias (A-212-210-715), a native and citizen of Cuba who is proceeding without counsel, has filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] On May 16, 2026, petitioner was released from the Palm Beach County Jail into immigration custody and detained, and has been in continuous detention since this date. This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends granting the petition for a writ of habeas corpus and ordering respondent to provide petitioner a bond hearing within fourteen days.

///

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND[2]

Petitioner is from Cuba. The petition does not indicate when petitioner arrived in the United States, but it appears immigration released him into the United States, because he claims he was not provided notice of the reason for the revocation of his release. (ECF No. 1 at 6.) Petitioner does not state whether he was under immigration supervision before he was put in the Palm Beach County Jail, does not set forth the charges he faced in Palm Beach, and does not indicate whether petitioner has sustained any criminal convictions during his time in the United States. (ECF No. 1, passim.)

Petitioner was not provided a pre-deprivation hearing or pre-deprivation notice of the basis for his detention. (Id. at 6.) Petitioner has been in continuous detention since May 16, 2026. (Id. at 4.) Respondent did not respond to the petition and the Court therefore finds that respondent does not contest petitioner's factual allegations.

## II. PROCEDURAL BACKGROUND

On August 11, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) Despite filing a designation of counsel for service on August 12, 2026 and being warned that the failure to respond to the petition would be interpreted as non-opposition to granting the relief requested in the habeas petition (ECF No. 4 at 2), respondent did not file an answer or motion to dismiss the petition. (See Docket.) Therefore, the Court finds that respondent does not oppose granting relief.

On August 31, 2026, petitioner filed a motion for ruling. (ECF No. 5.) Briefing is now complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in

---

[2] Petitioner filed a verified habeas petition. (ECF No. 1 at 8.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges his detention based on the violation of the following: (1) the Fifth Amendment procedural due process clause and violation of 8 C.F.R. 241.4(1) revocation of release; (2) the Immigration and Nationality Act ("INA"); and (3) the INA and 8 C.F.R. § 1226. (ECF No. 1 at 5-6.) As described above, the Court finds that respondent does not oppose granting relief where respondent has not opposed or responded to the petition despite being provided with the opportunity to do so and warned that the failure to respond to the petition would be interpreted as non-opposition to granting the relief requested.

### A. Statutory Claim (Claims Two and Three)

It appears that petitioner is subject to discretionary release under 8 U.S.C. § 1226(a). 8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). Under § 1226(a), the government makes an initial custody determination, and the noncitizen will be released upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." Rodriguez Diaz, 53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)). Section 1226(a) provides "an initial bond hearing before a neutral decisionmaker,

the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Id. at 1202. Therefore, "[i]f the noncitizen is detained under section 1226(a), she is entitled to a bond hearing." Labrador-Prato v. Noem, 2025 WL 3458802, at *3 (E.D. Cal. Dec. 2, 2025) (citing Jennings v. Rodriguez, 583 U.S. 281, 306 (2018)). Respondents do not oppose the petition.

After petitioner was detained, the Ninth Circuit decided Rodriguez Vazquez v. Bostock, 183 F.4th 1160 (9th Cir. 2026). In Rodriguez Vazquez, the Ninth Circuit concluded that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. The majority of courts nationwide agree, rejecting the government's new interpretation[3] of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D.

---

[3] Until DHS changed its policy in July 2025, the Government consistently applied Section 1226(a), not Section 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal. See Rodriguez Diaz, 53 F.4th at 1196.

Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Therefore, this Court finds that petitioner is detained under 8 U.S.C. § 1226(a) and its implementing regulations because petitioner was released into this country, and petitioner's May 16, 2026 arrest and detention were not upon his arrival to the United States. "Federal regulations provide that [noncitizens] detained under § 1226(a) receive bond hearings at the outset of detention." Jennings, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)). If, at this hearing, the detainee demonstrates that he or she is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," the immigration judge will order his or her release. Rodriguez Diaz v. Garland, 53 F.4th at 1197 (citing Matter of Guerra, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)). As such, petitioner should have been provided a bond hearing before his re-detention and is entitled to relief on his statutory claim.

**B. Due Process Claim (Claim One)**

Petitioner also argues his due process rights were violated by his detention. (ECF No. 1 at 6.) Because the Court recommends granting the petition on the statutory claims (claims two and three), the Court need not address petitioner's due process claim (claim one) raised in the petition. See N.K. v. Noem, No. 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Petitioner is entitled to the habeas relief he seeks based on the court's ruling as to statutory claims two and three.

**V. CONCLUSION**

In summary, the Court recommends that the petition for writ of habeas corpus be granted on statutory grounds (claims two and three).

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for ruling (ECF No. 5)

is granted.

Further, IT IS RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED as to claims two and three.
2. Respondents be ordered to provide petitioner with a bond hearing before an immigration judge/ neutral decisionmaker within **fourteen (14) days** of the adoption of these findings and recommendations where respondents bear the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight to justify his continued detention. Respondents must provide petitioner with at least seven (7) days' notice before the bond hearing. If respondents do not provide petitioner with a bond hearing within **fourteen (14) days** of the adoption of these findings and recommendations, respondents be ordered to immediately release petitioner.
3. Given petitioner's pro se status, respondents be directed to file, within **fourteen days** of the adoption of these findings and recommendations, a status report addressing petitioner's status.
4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 2, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/fria6377.157.2241.imm.BOND