UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANILO ORESTES RAMIREZ FRIAS (A-212-210-715),

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-6377 DAD CSK

ORDER AND AMENDED FINDINGS AND RECOMMENDATIONS

Petitioner Danilo Orestes Ramirez Frias (A-212-210-715), a native and citizen of Cuba who is proceeding without counsel, filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] On July 7, 2025, petitioner was removed to a third country, Mexico. On May 16, 2026, petitioner was released from the Palm Beach County Jail into immigration custody and detained, and has since been in continuous detention. This habeas action concerns petitioner's re-detention. For the reasons that follow, the Court recommends that the petition be denied.

## I. ORDER VACATING PRIOR FINDINGS AND RECOMMENDATIONS

Despite being warned that the failure to respond to the petition would be interpreted as non-opposition to granting the relief requested in the habeas petition (ECF No. 4 at 2),

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

respondents did not file an answer or motion to dismiss the petition. (See Docket.) As a result, on September 2, 2026, the Court found that respondents did not contest petitioner's factual allegations, and recommended that the petition be granted on statutory grounds and petitioner be provided a bond hearing within fourteen days. (ECF No. 6 at 2, 6.) On September 9, 2026, respondents filed objections to the findings and recommendations, apologizing for the failure to respond, and citing "internal case docketing and calendaring errors." (ECF No. 7 at 1.) On September 28, 2026, the Court granted petitioner an opportunity, within fourteen days, to file a reply to respondents' objections. (ECF No. 11 at 1.) Petitioner was cautioned that failure to file a reply would result in this Court considering respondents' objections in further addressing the habeas petition. (Id.) Petitioner did not file a reply to respondents' objections. (See Docket.) Following review of the objections, the Court exercises its discretion to excuse respondents' late filing, vacates the findings and recommendations (ECF No. 6), and considers respondents' objections as their response to the habeas petition.[2] The Court now issues amended findings and recommendations after considering the response.

## II. FACTUAL BACKGROUND[3]

Petitioner is from Cuba. The petition does not state whether petitioner was under immigration supervision before he was put in the Palm Beach County Jail, does not set forth the charges he faced in Palm Beach, and does not indicate whether petitioner has sustained any criminal convictions during his time in the United States. (ECF No. 1, passim.)

Immigration records show that petitioner originally paroled into the United States on October 22, 2009, and was ordered removed on September 17, 2012. (ECF Nos. 7-1 at 2-3; 7-2 at 5-6.) On July 7, 2025, petitioner was successfully removed to Mexico pursuant to a third world country agreement. (ECF No. 7-1 at 3.) Petitioner re-entered the United States at an unknown time and place, and on April 21, 2026, immigration authorities encountered petitioner at the Palm

[2] Respondents' late filling has further delayed resolution of this petition and wasted extremely limited and overburdened judicial resources. Respondents are reminded of their obligation to timely respond.

[3] Petitioner filed a verified habeas petition. (ECF No. 1 at 8.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

Beach County Jail following his arrest for burglary. (ECF No. 7-1 at 3.) Petitioner was taken into ICE custody and detained pending reinstatement of his previously executed final order of removal. (ECF Nos. 7 at 1; 7-1 at 3.) On April 21, 2026, a Notice of Intent/Decision to Reinstate Prior Order of deportation was issued; the acknowledgment and response box, dated May 21, 2026, notes petitioner "refused to sign." (ECF No. 7-2 at 1.)[4]

Respondents also provided petitioner's RAP sheet reflecting his myriad arrests, including for felony grand theft and aggravated assault with a deadly weapon, and multiple charges for failures to appear. (ECF No. 7-3 at 7-45.)

Petitioner claims he was not provided a pre-deprivation hearing or pre-deprivation notice of the basis for his detention. (ECF No. 1 at 6.) Petitioner has been in continuous detention since May 16, 2026. (Id. at 4.)

## III. PROCEDURAL BACKGROUND

On August 11, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) Respondents failed to timely respond to the petition. (See Docket.) On September 2, 2026, the Court issued findings and recommendations that the petition be granted. (ECF No. 6.) On September 9, 2026, respondents filed objections and apologized for their failure (ECF No. 7), which this Court now considers and vacates its September 2, 2026 findings and recommendations. The Court provided petitioner with an opportunity to respond to respondents' late filing. (See Docket.) Briefing is now complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

[4] Although respondents provided a copy of a Warrant of Removal/Deportation," dated April 21, 2026, the execution portion of the warrant was not completed. (ECF No. 7-2 at 2-3.)

Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." R. Governing § 2254 Cases 4. The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

**IV. DISCUSSION**

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges his detention based on the violation of the following: (1) the Fifth Amendment procedural due process clause and violation of 8 C.F.R. 241.4(1) revocation of release; (2) the Immigration and Nationality Act ("INA"); and (3) the INA and 8 C.F.R. § 1226. (ECF No. 1 at 5-6.) Respondents argue that petitioner is subject to mandatory detention pursuant to a reinstated order of removal under 8 U.S.C. § 1231(a)(5) after petitioner was previously removed from the United States. (ECF No. 7 at 2-3.)

This Court recommends that the petition for writ of habeas corpus be denied based on a finding that petitioner is mandatorily detained pursuant to a reinstated removal order under 8 U.S.C. § 1231(a)(5). (See ECF No. 7-2 at 1.) A noncitizen subject to a reinstated removal order under § 1231(a)(5) may only seek withholding of removal as relief if they fear returning to

the country of removal. See Johnson v. Guzman Chavez, 594 U.S. 523, 530 (2021). Petitioner makes no such claim in the instant petition, and immigration records reflect no such claim. (See ECF Nos. 1; 7-1 at 2 (no pending applications with U.S. Citizenship and Immigration Services).) A noncitizen subject to a reinstated removal order is subject to detention pursuant to 8 U.S.C. § 1231. See Johnson, 594 U.S. at 533, 542. Therefore, the Court recommends that the petition be denied.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the September 2, 2026 findings and recommendations (ECF No. 6) are VACATED, and the September 9, 2026 objections are considered to be the response to the petition.

Further, IT IS RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be denied.
2. The Clerk of Court be directed to enter judgment for respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven days** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 16, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/fria6377.157.2241.imm.den